1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                                    Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER LLC, a Delaware limited liability company; BRETT LEON BOUCHY, an individual; and GREG RUSSELL ALBRIGHT, an individual,<br><br>                                    Defendants. | Case No.:  20-cv-880-JLS (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 19) |

        Presently before the Court is Defendants Freedom Forever LLC ("Freedom Forever"), Brett Leon Bouchy ("Mr. Bouchy"), and Greg Russell Albright's ("Mr. Albright") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 19).  Plaintiff Anton Ewing ("Plaintiff"), proceeding *pro se*, filed an Opposition to ("Opp'n," ECF No. 22), and Defendants filed a Reply in support of ("Reply," ECF No. 23), the Motion.  The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 24.  Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 11), the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion, as follows.

# BACKGROUND[1]

Plaintiff asserts various claims stemming from alleged phone calls Defendants placed to Plaintiff without prior authorization. *See generally* FAC. Plaintiff alleges that Defendants made the phone calls with an Automatic Telephone Dialing System ("ATDS"), which can be verified by the "very distinct bubble popping sound" contained at the start of the call. *Id.* ¶ 63. Plaintiff alleges that Defendants called him with "a prerecorded voice message and an ATDS to initial [sic] the call. The robot required Plaintiff to push '1' to get to a live human." *Id.* Plaintiff asserts that the purpose of Defendants' calls was to "sell solar panels." *Id.* ¶¶ 5, 23, 63, 71. These calls allegedly harmed Plaintiff in various ways. *Id.* ¶¶ 48, 112. 150. Based on these facts, Plaintiff brings five claims: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227(b)(1)(A); (2) willful violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(A); (3) negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c)(5); (4) willful violations of the TCPA pursuant to 47 U.S.C. § 227(c)(5); and (5) violation of California's Invasion of Privacy Act ("CIPA") pursuant to California Penal Code §§ 632.7 and 637.2. *See* FAC at 1; *see also id.* at 38–40.

On May 11, 2020, Plaintiff initiated this action. Defendants previously moved to dismiss Plaintiff's Complaint, and, in lieu of responding, Plaintiff filed his operative First Amended Complaint. ECF Nos. 10, 11. Accordingly, the Court denied Defendants' first motion to dismiss as moot. ECF No. 17. Defendants now move to dismiss the First Amended Complaint in its entirety. *See generally* Mot.

/ / /

---

[1] While Defendants' Motion contests the accuracy of many of the facts as pleaded in Plaintiff's First Amended Complaint and provides other facts to counter Plaintiff's narrative—for example, stating that Freedom Forever does not make sales calls, Mot. at 5, and that the alleged May 6, 2020 call clearly notified Plaintiff that the call was being recorded, *id.* at 6—the facts alleged in Plaintiff's First Amended Complaint are accepted as true for purposes of the present Motion. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
/ / /

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Courts have a duty to construe a *pro se* litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

Defendants argue that Plaintiff's FAC should be dismissed because (1) "most of the alleged calls and related alleged TCPA violations are barred by the applicable statute of limitations"; (2) Plaintiff's TCPA claims fail to allege sufficient facts to state a claim; (3) Plaintiff's CIPA claim also fails to allege sufficient facts to state a claim; and (4) "the FAC fails to sufficiently plead facts to hold the Defendants directly or vicariously liable for the allegedly violating phone calls." *See* Mot. at 12–13.

### I.   Allegations of Direct and Vicarious Liability for TCPA Claims

The Court will first address Defendants' arguments that Plaintiff's allegations as to Defendants' liability under the TCPA are inadequate.  First, Defendants claim that Plaintiff has not adequately alleged Defendants' direct liability.  Mot. at 19–20.  Defendants argue that Plaintiff alleges that a third party, rather than Freedom Forever, made the calls, and that Plaintiff alleges Messrs. Bouchy and Albright supposedly made their calls to Plaintiff from their cell phones, so the calls were not made using an ATDS.  *Id.* at 20.  Second, Defendants claim that Plaintiff fails to adequately allege Defendants' vicarious liability based on principles of agency.  Defendants argue that Plaintiff's allegations of their control over the lead source that made the calls are conclusory and do not support an inference of actual authority.  Mot. at 22–23.  Defendants further claim that Plaintiff fails to allege any facts to support an inference of apparent authority.  *Id.* at 23.  Finally, Defendants argue

that Plaintiff has failed to adequately plead ratification, as there are insufficient allegations that the lead caller "acted or purported to act as an agent of Freedom Forever." *Id.* at 23–24.

In response, Plaintiff declares that "[he] believe[s] that Defendant Freedom has and had actual and apparent authority over Tim Burton, their telemarketing agent," Plaintiff Anton Ewing's Declaration ("Ewing Decl.," ECF No. 22-1) ¶ 19; and that, "[o]n September 10, 2019, Jorrell Patterson informed me, in writing via email after he illegally telemarketed my DNC registered phone, that he worked for Defendant Freedom," *id.* ¶ 23.

The TCPA makes it unlawful for a person to "make" certain phone calls. *See* 47 U.S.C. § 227(b)(1)(A)(i). "For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Group, Inc.*, No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877–79 (9th Cir. 2014)). "Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification." *Id.* (citing *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014)). "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014) (citation omitted).

Plaintiff does allege that each of Messrs. Bouchy and Albright called Plaintiff on his cell phone "on behalf of himself and his entity Freedom Forever." *See* FAC ¶¶ 64–67. Thus, Plaintiff does allege a basis for direct liability as to Messrs. Bouchy and Albright. *See, e.g.*, *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060–61 (D. Or. 2014) (noting that "corporate actors may be held individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute") (citations and internal quotation marks omitted). To the extent Defendants argue that Plaintiff fails to adequately plead the other elements of his TCPA

claims against Messrs. Bouchy and Albright, such as their use of an ATDS, those arguments are addressed *infra* in Section III.

The Court agrees that, to the extent Plaintiff seeks to hold Freedom Forever liable, Plaintiff has not alleged that Freedom Forever itself placed any of the calls, *see generally* FAC, and accordingly any liability against Freedom Forever must be premised on vicarious liability. Indeed, a business organization cannot act on its own; rather, "[a]n organization's tortious conduct consists of conduct by agents of the organization that is attributable to it." Restatement (Third) of Agency § 7.03 cmt. c (2006).

As to Freedom Forever's vicarious liability, "[a]pparent authority is inapplicable because it can only 'be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied.'" *Thomas*, 582 F. App'x at 679 (second and third alterations in original) (citing *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997); Restatement (Second) of Agency § 265 cmt. a (1958)). Plaintiff has alleged no act or statement by any Defendant made to him directly manifesting the alleged third-party caller's authority to act on Defendants' behalf. Further, "'[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it.'" *Id.* at 680 (citing *Batzel v. Smith,* 333 F.3d 1018, 1036 (9th Cir. 2003)). Accordingly, to the extent Plaintiff seeks to hold Freedom Forever liable for any purported violations of the TCPA, he must adequately allege an agency relationship premised on actual authority.

Viewing the allegations of the First Amended Complaint in the light most favorable to Plaintiff and drawing all inferences in his favor, the Court finds that, at the pleading stage, Plaintiff has alleged adequate facts to state a claim against Freedom Forever premised on vicarious liability. "An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.'" *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (citation omitted). "Agency means more than mere passive permission; it involves request, instruction, or command." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085

(C.D. Cal. 2012) (quoting *Klee v. United States*, 53 F. 2d 58, 61 (9th Cir. 1931)).  Plaintiff alleges that "[t]he initiating lead source that dialed Plaintiff's phone number did so at the express direction, command, and order of Defendant Freedom Forever, LLC."  FAC ¶ 16.  Plaintiff alleges that the caller expressly told him as much at the end of a May 3, 2020 call.  *Id.*  Plaintiff also claims that the caller "acted and purported to act as an agent for Freedom Forever," *id.* ¶ 18; that "Freedom Forever has and did ratify the actions and illegal calls made on its behalf and at its express direction and control," *id.*; and "the alleged lead source acted with apparent authority of Freedom Forever in making the telemarking calls to Plaintiff," *id.* ¶ 19.  Plaintiff further alleges that "Defendants requested, instructed and commanded their hired and paid lead source in such a manner and such a way as to constitute control and actual authority over said lead source," instructing the lead source "to ask specific questions like credit score, shade on roof, name of utility company, and several other personal questions like who was in title to the home."  *Id.* ¶ 20.  Further, Plaintiff claims that "Defendants controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarking call."  *Id.* ¶ 61.  Courts within this Circuit have found similar, and even less detailed, allegations adequate to state a claim for vicarious liability and to survive a motion to dismiss.  *See, e.g.*, *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014); *Tehrani v. Joie De Vivre Hosp., LLC*, No. 19-CV-08168-EMC, 2020 WL 5408120, at *2 (N.D. Cal. Sept. 9, 2020).  Accordingly, the Court finds that Plaintiff's allegations of Defendants' TCPA liability are adequate to survive the present Motion.

## II.    TCPA Statute of Limitations

Defendants argue that "most of Plaintiff's claims of allegedly violating calls are barred by the applicable statute of limitation."  Mot. at 13.  Plaintiff's TCPA claims are subject to a four-year statute of limitations.  *See* 28 U.S.C. § 1658(a) (enacting four-year statute of limitations as to "a civil action arising under an Act of Congress"); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (holding that the generally applicable four-year statute of limitations in 28 U.S.C. § 1658(a) governs TCPA actions);

*Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011) (same); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. June 18, 2015) (same).

Because Plaintiff filed this action on May 11, 2020, *see* ECF No. 1, any TCPA claims based on alleged calls from before May 11, 2016 are barred by the applicable statute of limitations. Defendants identify seven calls that may not be time-barred, which took place on: (1) September 10, 2019; (2) October 9, 2019; (3) May 1, 2020; (4) May 3, 2020; (5) May 6, 2020; (6) May 6, 2020; and (7) May 9, 2020. Mot. at 13–14 (citing FAC ¶ 10). However, Plaintiff also alleges Defendants placed seventeen calls in 2015 and early 2016. FAC ¶ 68; *see also* Mot. at 13. Plaintiff does not dispute that some of the calls alleged in the FAC fall outside the statute of limitations, instead asserting that the "prior calls bolster the triple damage award that is within the sole discretion of the District Judge after a finding of liability." Opp'n at 6 (citing 47 U.S.C. § 227(b)(3)(C)). Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's TCPA claims to the extent they are based on calls made prior to May 11, 2016; however, Plaintiff may plead these calls as evidence of willfulness.

## III.   Sufficiency of TCPA Claims

### A.   *Section 227(b) Claims*

Plaintiff alleges that Defendants both negligently and willfully violated section 227(b) of the TCPA. FAC ¶¶ 72, 127–34. Defendants argue that these claims must be dismissed because Plaintiff has failed to allege adequately that the calls were made to Plaintiff's cell phone or the use of an ATDS. *See* Mot. at 10, 16. In response, Plaintiff submits a declaration in support of his Opposition averring that "[he] did not fail to allege sufficient facts in the First Amended Complaint." Ewing Decl. ¶ 18.

Pursuant to section 227(b) of the TCPA:

> It shall be unlawful for any person within the United States . . . [¶] to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an

artificial prerecorded voice . . . [¶] to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(i).  There are, therefore, three elements to a TCPA claim: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial prerecorded voice]; (3) without the recipient's prior express consent."  *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Defendants challenge the adequacy of Plaintiff's allegations as to the first and second elements, *see* Mot. at 10, 16, as well as the sufficiency of Plaintiff's bare assertion that Defendants' alleged violations were "knowing and/or willful," *id.* at 17.

As to the first element, Plaintiff clearly alleges that the calls from September 10, 2019, *see* FAC ¶ 66; October 9, 2019, *see id.* ¶ 67; May 1, 2020, *see id.* ¶ 63; May 3, 2020, *see id.* ¶¶ 63, 64; and May 6, 2020, *see id.* ¶¶ 63, 65; were made to his cell phone.  Such an allegation appears to be missing, however, as to the May 9, 2020 call.  *See id.* ¶ 10. Accordingly, the Court agrees Plaintiff has not adequately alleged the first element of his claim as to the alleged May 9, 2020 call, and therefore Plaintiff's first and second claims are dismissed to the extent they are premised on the May 9, 2020 call; however, the first element appears satisfied as to the remaining alleged calls.

Regarding the second element, Plaintiff alleges that calls he received on May 1, 3, and 6, 2020 used a prerecorded voice message and that "[t]he robot required Plaintiff to push '1' to get to a live human," FAC ¶ 63, an allegation that is independently sufficient to support the second element of Plaintiff's TCPA claims as to those calls, *see Iniguez v. CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013).  Such an allegation is "based on Plaintiff's own experience when she answered Defendant's phone calls, and it is therefore not vague or conclusory."  *Id.*  However, it is not clear on the face of the FAC that the May 3 and 6, 2020 calls by Mr. Bouchy, *see* FAC ¶¶ 64, 65; or the September 10 and October 9, 2019 calls by Mr. Albright, *see id.* ¶¶ 66, 67; were made using an artificial prerecorded voice.  Rather, Plaintiff simply alleges that these individual Defendants "called Plaintiff,"

*id.* ¶¶ 64–67, and, with regards to Mr. Bouchy, that he "directly called Plaintiff," *id.* ¶ 98, suggesting an artificial prerecorded voice was not used. Thus, to the extent Plaintiff attempts to state section 227(b) claims based on the use of an artificial prerecorded voice as to these calls, Plaintiff fails to do so adequately.

As to Plaintiff's allegations concerning the use of an ATDS, "[w]hile the specific requirements for an allegation of the use of an ATDS to survive a Rule 12(b)(6) motion to dismiss have not been conclusively established by controlling authority, persuasive authority has generally followed one of two approaches." *Maier v. J.C. Penney Corp.*, No. 13CV0163-IEG DHB, 2013 WL 3006415, at *3 (S.D. Cal. June 13, 2013). "The first approach has been to allow for minimal allegations regarding use of an ATDS in recognition of the fact that the type of equipment used by the defendant to place the 'call' is within the sole possession of the defendant at the pleading stage, and will therefore only come to light once discovery has been undertaken." *Id.* (citing *In re Jiffy Lube Int'l., Inc., Text Spam Litig.*, 847 F .Supp. 2d 1253, 1260 (S.D. Cal. 2012); *Blair v. CBE Grp. Inc.*, No. 13–CV–134–MMA(WVG), 2013 WL 2029155, at *4 (S.D. Cal. May 13, 2013)). "The second approach has been that a TCPA plaintiff must go beyond simply using statutory language alleging the defendant's use of an ATDS and must include factual allegations about the 'call' within the complaint allowing for a reasonable inference that an ATDS was used." *Id.* (citing *Kramer v. Autobytel, Inc.*, 759 F. Supp 2d 1165, 1171 (N.D. Cal. 2010); *Johansen v. Vivant, Inc.*, 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)). Within this District, courts seem to apply the second approach predominantly. *See, e.g.*, *Meza v. Sirius XM Radio, Inc.*, No. 17-CV-2252-AJB-JMA, 2018 WL 4599718, at *3 (S.D. Cal. Sept. 25, 2018); *Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *2 (S.D. Cal. July 16, 2013); *Ewing v. 8 Figure Dream Lifestyle, LLC*, No. 18-CV-1063-AJB-AGS, 2019 WL 1429589, at *7 (S.D. Cal. Mar. 29, 2019). Accordingly, this Court will also adhere to the second approach.

Plaintiff claims that "Defendant Freedom Forever, LLC used a 'Vicidial' ATDS system to robodial Plaintiff on Plaintiff's cell phone." FAC ¶ 71. He claims the May 1, 3,

and 6, 2020 calls were made using "an ATDS to initial [sic] the call," *id.* ¶ 63, and that "[t]here was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used," *id.*  Thus, Plaintiff sufficiently alleges both the use of an ATDS and further indirect evidence that support the plausibility of Plaintiff's allegations with regard to the May 2020 calls.  Plaintiff claims Mr. Bouchy made his calls "through an ATDS device," but provides no similar indirect allegations to raise the inference that an ATDS was used.  *Id.* ¶ 78.  And Plaintiff makes no allegations as to whether Mr. Albright used an ATDS.  Accordingly, to the extent Plaintiff attempts to state section 227(b) claims against Messrs. Albright and Bouchy based on their alleged use of an ATDS, Plaintiff has failed to do so.

Finally, while Defendants claim that the bare assertion that the alleged TCPA violations were willful or knowing is inadequate to state a claim, *see* Mot. at 17, numerous courts in the Ninth Circuit and this District have held otherwise, *see, e.g., Keifer v. HOSOPO Corp.*, No. 318CV1353CABKSC, 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) (finding sufficient for purposes of motion to dismiss allegation that "'the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA'" (citation omitted)); *Gulden v. Liberty Home Guard LLC*, No. CV-20-02465-PHX-JZB, 2021 WL 689912, at *6–7 (D. Ariz. Feb. 23, 2021) (rejecting same argument and finding similar allegations sufficient to survive motion to dismiss).  The Court finds Plaintiff's allegations that Defendants' alleged violations were knowing and/or willful adequate at the pleading stage.

In sum, the Court finds that Plaintiff has failed to allege sufficient facts as to the May 3 and 6, 2020 calls by Mr. Bouchy; the September 10 and October 9, 2019 calls by Mr. Albright; and the May 9, 2020 call by an agent of Freedom Forever, and accordingly the Court **GRANTS** Defendants' Motion as to Plaintiff's first and second claims, to the extent they are premised on those calls.  As to the May 1, 3, and 6, 2020 calls placed by an agent of Freedom Forever, however, the Court finds that Plaintiff has alleged adequate facts to / / /

state a claim.  Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiff's first and second claims to the extent they are premised on the May 1, 3, and 6, 2020 calls.

### B.    Section 227(c) Claims

Plaintiff also alleges that Defendants both negligently and willfully violated section 227(c) of the TCPA.  FAC ¶¶ 72, 135–42.  Defendants argue that these claims must be dismissed, and in so doing incorporate the arguments made as to why Plaintiff's first and second claims fail as a matter of law.  Mot. at 17–18.  Again, in response, Plaintiff simply claims his allegations are adequate.  Ewing Decl. ¶ 18.

"Section 227(c) directs the Federal Communications Commission to formulate regulations to protect telephone subscribers' privacy rights and to establish a national database of telephone subscribers who object to receiving telephone solicitations (the "Do Not Call Registry")."  *Ewing v. Senior Life Plan., LLC*, No. 19-CV-1005-BAS-LL, 2019 WL 4573703, at *4 (S.D. Cal. Sept. 18, 2019) (citing *Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010); 47 U.S.C. § 227(c)(3)).  "The regulations promulgated under § 227(c) prohibit telephone solicitation to any telephone number on the Do Not Call Registry."  *Id.* (citing, *inter alia*, 47 C.F.R. § 64.1200(c)).  "Section 227(c)(5) establishes a private right of action for a person who has received a telephone call in violation of these regulations."  *Id.* (citation omitted).

For the reasons provided *supra* in Section III.A, the Court finds that Plaintiff has adequately alleged two or more calls from an agent of Freedom Forever to his cell phone that potentially violate the TCPA.  Moreover, Plaintiff alleges his cell phone is registered on the Do Not Call Registry.  *See* FAC ¶ 8.  Further, Plaintiff pleads that the calls were made "in an attempt to solicit Plaintiff to purchase Defendant's solar panel installation devices," *see id.* ¶ 63, thereby adequately alleging that the calls were "telephone solicitations," *see Waterbury v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D. Cal. June 7, 2016) (calls made about services for solar installation found to be "telephone solicitation" such that plaintiff adequately stated section 227(c) claim for purposes of motion to dismiss).  Accordingly, the Court finds that Plaintiff has

adequately pleaded his third and fourth claims for negligent and willful violations of section 227(c) and **DENIES** Defendants' Motion as to these claims.  *See, e.g.*, *Senior Life Plan., LLC*, 2019 WL 4573703, at *4; *Drew v. Lexington Consumer Advoc.*, No. 16-CV-00200-LB, 2016 WL 9185292, at *6–7 (N.D. Cal. Aug. 11, 2016), *report and recommendation adopted*, No. C 16-00200 SBA, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016); *Mattson v. Quicken Loans, Inc.*, No. 3:17-CV-01840-YY, 2018 WL 2749571, at *2–3 (D. Or. June 7, 2018).

## IV.    Sufficiency of CIPA Claim

Finally, Plaintiff brings a claim against Defendants for violation of CIPA.  FAC ¶¶ 72, 143–52.  Defendants assert that Plaintiff's claim is defective and must be dismissed because Plaintiff impliedly consented to the alleged recording of the calls and because Defendants did not make the calls in question.  Mot. at 18–19.  Plaintiff argues that these claims contradict the facts pleaded in his First Amended Complaint and "are [not] allowed to be considered."  Opp'n at 19.

"CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed 'to protect the right of privacy.'"  *8 Figure Dream Lifestyle, LLC*, 2019 WL 1429589, at *8 (quoting Cal. Penal Code § 630).  "[CIPA] provides for a civil action for damages based on violations of section 632 which prohibits recording a 'confidential communication' 'intentionally and without the consent of all of the parties.'"  *Id.* (citing Cal. Penal Code §§ 630, 637.2(a)).  "To state a claim for violation of section 632, the three elements that a plaintiff must plead are '(1) an electronic recording of (or eavesdropping on); (2) a "confidential" communication; [where] (3) all parties did not consent.'"  *Id.* (alteration in original) (citing *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012); *Stoba v. Saveology.com, LLC*, No. 13CV2925, 2014 WL 3573404, at *3 (S.D. Cal. July 18, 2014)).  "Section 632(c) defines a 'confidential communication' as including 'any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto.'"  *Id.* (citing Cal. Penal Code § 632(c)).  "Excluded from protection are communications in

'circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.'" *Id.* (citing *Roberts v. Wyndham Int'l, Inc.*, No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012); Cal. Penal Code § 632(c)). Alternatively, "[i]n interpreting CIPA, the California Supreme Court has held that 'a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.'" *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2015 WL 12564225, at *4 (S.D. Cal. Mar. 25, 2015) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 777 (2002); *Mirkarimi v. Nevada Prop. 1 LLC*, No. 12CV2160, 2013 WL 3761530, at *2 (S.D. Cal. July 15, 2013)).

As the Court noted *supra* at note 1, when deciding a motion to dismiss, the Court must construe the allegations in the operative pleading in Plaintiff's favor. Thus, the Court can give no credence to Defendants' arguments premised on facts or evidence not appearing in the pleading. Plaintiff alleges Mr. Bouchy once "confessed, at the very end of the call, that the call was being recorded," but "he did not disclose the fact of recording at any time prior to that," FAC ¶ 78, and Plaintiff elsewhere alleges that Defendants recorded all of their calls to Plaintiff secretly, without his consent, and without disclosing the fact of the recording near the beginning of the calls, *id.* ¶¶ 51–55, 145–48. Moreover, Plaintiff alleges he "ha[d] a reasonable expectation of privacy during each call." *Id.* ¶ 149. Given that Plaintiff alleges that the calls included questions about his credit score, whether he owns his home, whether he has ever filed for bankruptcy, and the amount he pays each month for electricity bills, *see id.* ¶ 28, drawing all inferences in Plaintiff's favor, the Court can infer that Plaintiff had an objectively reasonable expectation that the call was confidential and not being recorded. *See Flora*, 2015 WL 12564225, at *4. Accordingly, the Court finds that Plaintiff has adequately alleged the elements of his CIPA claim and **DENIES** Defendants' Motion as to this claim.

/ / /

/ / /

**CONCLUSION**

Based on the foregoing and as stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.  Plaintiff may file an amended complaint, if any, within <u>thirty (30) days from the date on which this Order is electronically docketed</u>.  Any amended filing must be complete in itself without reference to Plaintiff's First Amended Complaint.  Any claim not re-alleged in Plaintiff's amended complaint will be considered waived.  *See* S.D. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").  Failure to file within the time allotted may result in the dismissal of this action in its entirety.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 22, 2021

Hon. Janis L. Sammartino
United States District Judge

15