UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>         Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC, *et al..*<br><br>         Defendants. | Case No.:  3:20-cv-0880-JLS-AHG<br><br>**ORDER PROHIBITING EX PARTE COMMUNICATION WITH THE COURT AND ANY DIRECT COMMUNICATION WITH CHAMBERS STAFF** |

This matter comes before the Court in light of an *ex parte* email Plaintiff sent to chambers staff. Local Rule 83.9 prohibits correspondence or communication with the judge outside the presence of opposing counsel. CivLR 83.9 Although Plaintiff did not send his email to "the judge," the impropriety of sending emails to the individual email addresses of chambers staff is obvious, and both judges and their staff are beholden to codes of conduct generally advising against *ex parte* communications with litigants. *See, e.g.*, *Guenther v. Comm'r*, 939 F.2d 758, 760 (9th Cir. 1991) ("Only in light of a 'compelling justification' would *ex parte* communications be tolerated.") (citation omitted); *Aureflam Corp. v. Pho Hoacali Express, Inc.*, No. 04CV2080 JAH (WMC), 2008 WL 11337853, at *2 (S.D. Cal. Mar. 13, 2008) (applying Local Rule 83.9 to communications with court staff); *S.E.C. v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2015 WL 1510949, at *2 (S.D. Cal. Mar. 4, 2015) (noting that the *ex parte* communication prohibition extends to law clerks, because judges communicate *ex parte* with their clerks); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 n.2 (C.D. Cal. 1989) (explaining that calls to law clerks in chambers "are in effect ex parte communications with the judge and suffer the same vice as any ex parte contact"). *See also* Code of Conduct for United States Judges Canon 3 § A(4) (advising that judges should not "initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers[,]" with limited permissive exceptions, none of which the Court elects to apply in this case); *Kuyinu v. Walmart #01-1532*, No. 05-3462-PHX-ROS, 2006 WL 8440580, at *2 n.2 (D. Ariz. Sept. 7, 2006) (applying Canon 3 § A(4) to both judges and their staff); FEDERAL JUDICIAL CENTER, LAW CLERK HANDBOOK § 5.2F (4th ed. 2020) (explaining that, like the judge, a law clerk is a "neutral party dealing with advocates," and the court has an obligation to avoid ex parte communications).

Additionally, no litigant should use a law clerk's individual email address to communicate with the Court regarding a case. Every judge in this Court has an email address used by chambers staff for official communications with counsel and parties when communication by email is appropriate. As Plaintiff knows, the email address used by the

undersigned's chambers is efile_goddard@casd.uscourts.gov. Any substantive requests or communications to the Court regarding the case should be made by formal motion or other filing.

Plaintiff is hereby put on notice that sending (a) any *ex parte* communication to the Court's official email address of efile_goddard@casd.uscourts.gov or (b) **any** direct correspondence whatsoever to chambers staff (*ex parte* or otherwise) will result in an order to show cause why sanctions should not be imposed.

**IT IS SO ORDERED.**

Dated: May 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge